FILED
United States Court of Appeals
Tenth Circuit

September 21, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

GILBERTO PINON-AYON,

　　　　Defendant - Appellant.

No. 10-8106

(D. Wyoming)

(D.C. No. 1:09-CR-00210-ABJ-2)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

After a jury trial in the United States District Court for the District of

Wyoming, Defendant Gilberto Pinon-Ayon was convicted of a methamphetamine

conspiracy and sentenced to 121 months' imprisonment.  He appealed and we set

aside the sentence.  On remand the district court imposed the same sentence.

Defendant has filed a notice of appeal to challenge his sentence on remand.

Defense counsel, finding no meritorious issue for appeal, has submitted an *Anders*

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Defendant has been provided with a copy of the brief, *see id.* at 744 (defendant must be given a copy of the *Anders* brief and provided time to respond), but has filed no response with this court. We have jurisdiction under 28 U.S.C. § 1291. Agreeing that there are no meritorious issues for appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I.  BACKGROUND

Defendant was indicted on one count of conspiracy to possess with intent to distribute, and to distribute, more than 50 grams of a substance containing a detectable amount of methamphetamine, *see* 21 U.S.C §§ 846; 841(a)(1), (b)(1)(B), and one count of possession with intent to distribute more than 50 grams of a substance containing a detectable amount of methamphetamine, *see id.* § 841(a)(1), (b)(1)(B). At trial he acknowledged that he had agreed to drive Rosalio Pedraza-Leon to Cheyenne, Wyoming, and that Pedraza brought along a bag that he asked Defendant to hide in the truck. But he asserted that he did not know that the bag contained methamphetamine. The jury found Defendant guilty on the conspiracy charge but not guilty on the possession charge.

When determining the total quantity of methamphetamine for which Defendant was responsible under the Sentencing Guidelines, the district court included several prior drug transactions that Pedraza claimed to have conducted with Defendant, thereby increasing the amount of methamphetamine from 451

grams (the amount found when Defendant was arrested) to 1046.35 grams, which raised the base offense level from 30 to 32. *See* USSG § 2D1.1(a)(5), (c)(4), (c)(5). The district court also imposed a two-level enhancement for obstruction of justice under USSG § 3C1.1 without making specific findings that the Defendant had willfully impeded or obstructed justice. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (district court must make independent findings necessary to establish that defendant obstructed justice by testifying at trial). The offense level of 34 and Defendant's criminal-history category of III resulted in a guideline sentencing range of 188 to 235 months. *See* USSG ch. 5, pt. A. The district court, however, varied downward four levels and imposed a sentence of 121 months.

Defendant appealed his sentence, challenging the consideration of the additional methamphetamine and the obstruction enhancement. The government conceded the *Dunnigan* error and moved to vacate Defendant's sentence and remand for resentencing. *See United States v. Pinon-Ayon*, 392 F. App'x 648, 648 (10th Cir. 2010). We granted the motion. *See id.*

On remand the government informed the district court that it no longer sought an obstruction-of-justice enhancement or a drug-quantity increase based on Pedraza's statements. As a result, Defendant had a base offense level of 30 and a sentencing range of 121 to 151 months. *See* USSG § 2D1.1(a)(5), (c)(5); *id.* ch. 5, pt. A. Defense counsel argued that the court should again vary downward four

levels and impose a sentence in the range of 78 to 97 months. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The court, however, imposed the same 121-month sentence it had imposed previously.

## II. DISCUSSION

Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

After conducting an independent examination of the record, we agree with counsel's conclusion that no conceivably meritorious basis for appeal exists. Defendant's main contention at sentencing and on appeal appears to be that he deserves a shorter sentence than Pedraza's 120-month sentence because Pedraza was a drug-dealer with an extensive criminal record whereas Defendant was just a mule. But a sentence within a properly calculated guideline sentencing range is presumptively reasonable, and Defendant must rebut this presumption "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *United States v. Kristl*, 437 F.3d 1050,

1055 (10th Cir. 2006). Although some factors suggest that Pedraza should have received a longer sentence than Defendant, Pedraza, unlike Defendant, accepted responsibility for his crimes and provided assistance to the government. Through two sentencing hearings the district court maintained that 121 months' imprisonment was the proper sentence for Defendant's actions, and there is nothing in those hearings that rebuts the presumption of reasonableness.

## III.   CONCLUSION

We GRANT defense counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge